

March 16, 2022

Honorable Lewis J. Liman, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

<u>By Electronic Filing</u>

    Re:    <u>*Alyssa Sukana et al v. City of New York, et. al.*</u>, 21-cv-10899 (LJL)

Your Honor:

    I am co-counsel for Plaintiffs in the above-captioned matter. I write to ask that the Court remove this case from the so-called "1983 Plan" codified in SDNY Local Civil Rule 83.10. We also request that the Court schedule an Initial Pretrial Conference. Defendants object to this request. The parties met and conferred via telephone regarding this issue, but were unable to resolve the dispute.

    **Background and Procedural History**. This case arises from the brutal New York City Police Department ("NYPD") assault on Plaintiffs and other protesters in the Mott Haven neighborhood of the Bronx on June 4, 2020. The June 4, 2020 Mott Haven protest features prominently in several lawsuits that were filed in 2020 on behalf of Mott Haven arrestees against the same Defendants named in this case, including, *inter alia*, Defendants Lehr, Monahan, and Rice. Those cases are before Hon. Colleen McMahon and Hon. Gabriel W. Gorenstein, and have been consolidated under one docket - *In re NY City Policing During Summer 2020 Demonstrations*, No. 20-cv-8924 - for pretrial purposes. In those cases, Defendants – including Lehr, Monahan, and Rice – long ago answered. *See, e.g.,* Answer in *Hernandez, et al. v. City of New York, et al.,* 21-cv-07406 (CM)(GWG) (Dkt. No. 29). The Consolidated Actions are on a rocket docket in which tens of thousands of pages of discovery, including an enormous amount of discovery related to the Mott Haven protest and Defendants Lehr, Monahan, and Rice, has been exchanged. Plaintiffs have noticed, the parties scheduled, and the parties are in the process of rescheduling, the depositions of Defendants Lehr, Monahan, and Rice.

    In this case, Plaintiffs filed their Complaint on September 2, 2021 in the Supreme Court of the State of New York, Bronx County. Setting aside the allegations specific to the Plaintiffs' experiences, the remaining allegations in the Complaint – including those against Defendants Lehr, Monahan, and Rice, and the allegations supporting Plaintiffs' *Monell* claims – are virtually identical to the allegations pleaded in the Consolidated Actions. *Compare* the Complaint in this case *with* the Complaint in *Hernandez, et al. v. City of New York, et al.,* 21-cv-07406 (CM)(GWG) (Dkt. No. 1).Plaintiffs served all Defendants with opening papers in the New York State Supreme Court action on November 22, 2021. Defendants City, DeBlasio. and Shea answered on December 15, 2021. Defendants Lehr, Monahan, Rice, and Webb did not answer the Complaint. On December 20, 2021, Defendants City,



DeBlasio, and Shea removed the case to this Court (Dkt. 1). On December 21, 2021, the Court marked the case for inclusion in the so-called "1983 Plan" codified in S.D.N.Y. Local Civil Rule 83.10.

**Plaintiffs' Position**: Plaintiffs respectfully submit that the case should never have been marked for inclusion in the 1983 Plan, which does not apply to cases filed in New York State Court and removed to the S.D.N.Y. – especially not where Defendants already answered in state court. *See, e.g., Roundtree v. City of New York et al*, 21-cv-10576 (AJN)(SDA), Dkt. No. 17 (January 1, 2022 Opinion and Order).[1]

Even setting aside *Roundtree*, this Court should remove the case from the 1983 Plan now, in its discretion, as keeping the case in the 1983 Plan is not likely to achieve the Plan's stated goals. It is, however, guaranteed to frustrate Plaintiffs' interests in timely and expeditious prosecution of this action. Because the Consolidated Actions have involved extensive discovery regarding the Mott Haven incident, this is not the typical 1983 Plan case, in which Defendants must investigate the claims from scratch. Relatedly, the majority of the allegations in the Complaint– including almost all against Defendants de Blasio, Shea, Monahan, Lehr, and Rice, who have not yet answered - are nearly identical to those pleaded in several of the cases in the Consolidated Actions, which those Defendants, represented in the Consolidated Actions by the Law Department, answered long ago. *Compare* the Complaint in this case *with* the Complaints in *Sow et al. v. City of New York et al.*, 21-cv-00533 (CM)(GWG) (Dkt. No. 1) and in *Hernandez, et al. v. City of New York, et al.,* 21-cv-07406 (CM)(GWG) (Dkt. No. 1).

Furthermore, in this case, Defendants already have the relevant 1983 Plan early discovery, either because those records were unsealed and exchanged in the extensive discovery related to the

---

[1] In denying Defendant City's application to have the *Roundtree* case – which the Plaintiff had filed in New York State Supreme Court and Defendant City had removed to this Court - included in the 1983 Plan, Magistrate Judge Aaron ruled, in pertinent part:

> The City's request that this action proceed pursuant to Local Civil Rule 83.10 is denied. Rule 83.10 was designed to apply to actions filed in this Court in the first instance. For example, the Rule provides that "[a]t the same time that plaintiff serves the complaint, plaintiff must serve on the City [a] release . . . for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests." *See* S.D.N.Y. Local Civ. R. 83.10(a)(1). The Rule then provides the City with a longer period to respond to the Complaint after it receives the required release. *See id.* R. 83.10(c).
>
> In the present case, since this action was filed in New York state court, there was no requirement that releases be served with the Complaint. Moreover, since the City already has responded to the Complaint, the City is not in need of further time to respond to the Complaint."

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Mott Haven incident that has occurred in the Consolidated Actions[2], or because Defendants received (or should have received) them using the releases Plaintiffs provided to defense counsel in January of 2022. Plaintiffs can guarantee the Court that resolution of this case is not going to happen without additional discovery from Defendants specifically related to Plaintiffs' claims, which the 1983 Plan categorically prohibits. And Plaintiffs can also guarantee that mediation will not lead to settlement in this case. Of course, the parties can discuss settlement at any time, and ask Your Honor for a settlement conference if, and when, it makes sense. In the meantime, Plaintiffs would like to pursue discovery on their individual claims.

**Keeping this case within the 1983 Plan would further exacerbate delays already caused by Defendants in this case.** On December 28, 2021, counsel for Plaintiffs e-mailed counsel of record for Defendants regarding (1) the potential relatedness of this case to the Consolidated Actions; (2) the then-urgent need to identify certain Doe Defendants before certain statutes of limitations related to state law claims ran on February 1, 2022; (3) the need to conduct a 26(f) conference as soon as possible; and (4) removing the case from the 1983 Plan. Defendants did not respond. Plaintiffs' counsel again e-mailed on January 10, 2022, raising these same issues. Defendants again did not respond. Plaintiffs' counsel again e-mailed raising these issues on January 18, 2022.[3] Defendants again did not respond. Plaintiffs' counsel again emailed raising these issues on February 28, 2022.

Defense counsel finally responded to Plaintiffs' emails on March 7, 2022. The parties set down March 10, 2022 as the date to conduct a 26(f) conference and to discuss the remaining issues[4], including Plaintiffs' position that the case should be removed from the 1983 Plan. However, on March 10, 2022, Defendants refused to hold the 26(f) conference. Instead, Defendants took the position that they would not do so until all Defendants had answered. A 26(f) conference is now finally scheduled for March 24, 2022. In sum, this case has already been delayed, and continued inclusion in the 1983 Plan will only cause further delay and prejudice. For all those reasons, Plaintiffs ask that the Court remove this case from the 1983 Plan and that the Court schedule an Initial Pretrial Conference

Thank you for your attention to this matter.

---

[2] For over a year in the Consolidated Actions, discovery, including specifically extensive *Monell* discovery into the policies, practices, and training that Plaintiffs challenge in this matter, as well as extensive discovery about the June 4, 2020 events at Mott Haven, has been proceeding at a rocket docket pace. Among other things, Defendants have disclosed, or have said they are in the process of disclosing, all arrest and arrest processing records, video, and other documents related to the Mott Haven arrests, including Plaintiffs'.

[3] Also on January 18, 2022, Plaintiffs served releases pursuant to New York Criminal Procedure Law ("CPL") 160.50 on Defendants.

[4] As to the potential relatedness issues, in two other cases arising from a separate Summer 2020 Black Lives Matter protest date and location that are before Hon. Lewis A. Kaplan, Judge Kaplan directed the parties to submit letters to him and Judge McMahon, which the parties did (*see Britvec et al v. The City of New York et al*, , 21-cv-10759 (LAK) (Dkt No. 16 (Plaintiffs' letter))( Dkt. No. 17 (Defendants' Letter). On January 31, 2022, the Court determined that the actions should proceed separately, with coordinated discovery. *See Britvec* et al, Dkt. No. 18.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Respectfully submitted,

/s/
_____
Elena L. Cohen

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com